## JARVIS J. MAYS *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 6—48.]

### Instruction in Murder Case.

Where the trial court in a murder case instructs the jury fully and correctly as to the law of self-defense, it is not error to refuse

to give a particular instruction to the same effect asked by the defendant.

### Competency of Evidence.

> In the trial of a homicide case it is not error for the court to refuse to permit evidence to be introduced showing what a witness thought certain actions of the deceased meant when such thoughts were not comunicated to the accused. The secret workings of a witness' mind are not evidence.

### APPEAL FROM WHITLEY CIRCUIT COURT.

June 19, 1884.

OPINION BY JUDGE LEWIS:

This court is not authorized to reverse the judgment of the lower court upon the ground that the verdict of the jury was against or not supported by the evidence. It appears that the homicide with which appellant is charged was committed upon the premises of one James Mays, at whose residence on the night of the occurrence there was a dancing party.

It appears that appellant and one Runyan were in attendance at the party, and while upon the floor dancing the deceased came to the house and either kicked or pushed the door of the house open and entered the room where the dancing was going on and charged Runyan with having threatened to shoot him. Runyan denied making the threat and appealed to appellant, who replied he had not heard him do so. Whereupon an altercation occurred and in the scuffle that ensued the latter was pushed or thrown by the former upon the floor and some of the witnesses say upon the bed. But they were then separated and the deceased, who was drunk, was taken to another room, where he got upon the bed and went to sleep.

Appellant after the difficulty went out of the house, as it appears, for the purpose of going home. But Mays, the proprietor of the house, who was his cousin and a brother-in-law of deceased, invited him to return. He did again go into the house and resumed dancing, and continued it for an hour or more when the deceased awoke, as the witnesses say, mad. Appellant then left the house and went where his and his sister's horses were for the purpose, as it is attempted to be shown, of going home. But after

he got there and as Runyan swore unhitched his horse, put the saddle on, sent his sister after his overcoat and had one foot in the stirrup to get on the horse, Rebecca Mays, appellant's sister, called to him, "Look out, Jarvis, he is coming." The appellant then started around the horse from the front door, had his pistol in his hand and met deceased, who had gone out the back door, about where the chimney was situated. As soon as they met a fight took place between them and deceased was shot twice, the second shot being fired after they were around nearer the front part of the house. While testifying the witness, Runyan, was asked "if he did not think deceased was coming out at the front door when Rebecca Mays halloed out he was coming'" and objection being made the court refused to permit the question to be answered. This ruling of the court is now one of the grounds relied on for reversal.

The object of asking the question was to show that appellant went around the house towards the rear for the purpose of avoiding instead of seeking deceased. It was competent to show in a proper way that the difficulty was avoided instead of being sought by appellant. But it was not competent to show what door Runyan at that time thought the deceased was coming out, because he did not communicate his thoughts to appellant and of course the secret working of Runyan's mind did not influence the movement of appellant. The evidence was therefore properly rejected by the court.

It was not improper to show that the person of the deceased was examined while he was upon the bed asleep and that he had no deadly weapon, and the court did not err in permitting the evidence to go to the jury for what it was worth.

The fifth instruction given by the court is as follows: "Although the jury may believe from the evidence beyond a reasonable doubt that the defendant shot with a pistol Wesley Logan, still if at the time of so doing he had reasonable grounds to believe and did in good faith believe that said Logan was then about to kill him or do him some great bodily harm, and that he had no other reasonably apparent safe means of avoiding the impending danger but to shoot and kill deceased, then they will acquit." This instruction embraces the law of self-defense and all that was contained in the instruction asked by appellant and refused and more.

It was therefore needless to give the one he asked.

Wherefore the judgment is *affirmed*. :

*S. Golden, James D. Black, for appellant.*

*P. W. Hardin, for appellee.*